IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JACKSON BROWN, )<br>)<br>Defendant. ) | No. 1:18-CR-68-TAV-HBG |

**MEMORANDUM AND ORDER**

This case came before the Court on August 15, 2019, for a motion hearing on defense counsel's Motion to Withdraw on Grounds of Conflict of Interest [Doc. 45], which was filed on July 22, 2019, and referred [Doc. 47] to the undersigned on July 24, 2019. *See* 28 U.S.C. § 636(b). Assistant United States Attorney Cynthia F. Davidson represented the Government. Assistant Federal Defender Gianna Maio appeared by telephone on behalf of Defendant Brown, who was also present. Attorney James H. Varner, Jr., also appeared for this hearing.

On June 12, 2018, the Court[1] appointed [Doc. 6] the Federal Defender Services of Eastern Tennessee ("FDS") to represent the Defendant in this case. The instant motion states that FDS has an actual conflict of interest in representing Defendant Brown, because FDS has represented or currently represents individuals with interests adverse to those of Defendant Brown. At the hearing, Ms. Maio stated that she has represented the Defendant through the entry of a guilty plea in this case. She stated that while released in the instant case, the Defendant was charged in another federal indictment in Knoxville. Ms. Maio stated that FDS developed a conflict through its

---

[1] This case was originally assigned to United States District Judge Curtis L. Collier and United States Magistrate Judge Christopher H. Steger. On July 9, 2019, the case was reassigned [Doc. 43] to United States District Judge Thomas A. Varlan and the undersigned.

representation of another client related to the Knoxville case. She stated that she discussed the Defendant's case with Mr. Varner, who represents the Defendant in the Knoxville case.

Although Ms. Maio had not met with Defendant Brown with regard to the conflict or her motion to withdraw, Mr. Varner stated that he had met with the Defendant, who had no objection to Ms. Maio's withdrawal or his substitution in this case. The Court questioned Defendant Brown, who agreed that he understood the purpose of the hearing and had no objection to the substitution of Mr. Varner for Ms. Maio and FDS. AUSA Davidson stated that the Government has no objection to the Motion to Withdraw.

The Sixth Amendment right to counsel encompasses the right to have an attorney who does not have a conflict arising from simultaneous representation of clients with conflicting interests. *See Glasser v. United States*, 315 U.S. 60, 70 (1942), *superseded by statute* as held in *Bourjaily v. United States*, 483 U.S. 171 (1987) (regarding the admission of a coconspirator's statements). A defendant's preference for remaining with a particular attorney must give way to an actual conflict of interest or even "a showing of a serious potential for conflict." *Wheat v. United States*, 486 U.S. 153, 160 (1988). "'[W]hen a trial court becomes aware of a potential conflict of interest, it is obligated to pursue the matter even if counsel does not.'" *United States v. Straughter*, 950 F.2d 1223, 1233 (6th Cir. 1991) (quoting *United States v. Krebs*, 788 F.2d 1166, 1172 (6th Cir. 1986)). Indeed, a court may conclude disqualification is necessary, even if the defendant offers to waive the conflict, because of its independent interest in assuring the ethical standards of the profession and the appearance of fairness to those observing legal proceedings. *Wheat*, 486 U.S. at 160.

In light of the existence of an actual conflict in this case and the absence of any objection by either the Defendant or the Government, the Court finds that good cause exists to substitute counsel. Ms. Maio's Motion to Withdraw on Grounds of Conflict of Interest [**Doc. 45**] is

**GRANTED**, and Ms. Maio and FDS are relieved as counsel of record for Defendant Brown. *See Wilson v. Mintzes*, 761 F.2d 275, 280 (6th Cir. 1985) (holding that a defendant seeking to substitute counsel must show good cause). The Court recognizes the Defendant's need for conflict-free counsel. Mr. Varner agreed to accept representation of the Defendant. The Court therefore and hereby **SUBSTITTUES** and **APPOINTS** Mr. Varner as the Defendant's counsel of record under the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A. Ms. Maio stated that she would provide the discovery and the Defendant's file to Mr. Varner within the next few days.

Mr. Varner asked to move the sentencing hearing, currently set for August 21, 2019, to a date after the trial date in the Knoxville case. The Court stated that it would advise Judge Varlan's Chambers of Mr. Varner's request.[2]

Accordingly, it is **ORDERED:**

(1) The Motion to Withdraw on Grounds of Conflict of Interest [**Doc. 45**] is **GRANTED**;

(2) Assistant Federal Defender Gianna Maio and FDS are **RELIEVED** of their representation of Defendant Brown. Ms. Maio is **DIRECTED** to provide the discovery and the Defendant's file to new counsel; and

(3) Attorney James H. Varner, Jr., is **SUBSTITUTED** and **APPOINTED** as the Defendant's counsel of record pursuant to the CJA.

**IT IS SO ORDERED.**

ENTER:

*/s/ Bruce Guyton*
United States Magistrate Judge

---

[2] The Court notes that the sentencing hearing was moved to January 28, 2020, the trial date for the Knoxville case, No. 3:19-CR-55, so that the two cases may proceed together.